# Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 20-0040

MARION GLASER,
Plaintiff

V.

TARGET CORPORATION,
and JOHN DOE,
Defendants

PLAINTIFF'S COMPLAINT WITH JURY CLAIM

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

JAN 0 7 2020

CLERK

### PARTIES

1. The Plaintiff, Marion Glaser, ("Glaser"), was at all times relevant a resident of Sudbury, Middlesex County, Massachusetts.

2. The Defendant Target Corporation ("Target") was at all relevant times a Minnesota corporation, with a principal place of business in Minneapolis, Minnesota.

3. The Defendant John Doe ("Doe"), is an individual who has not yet been identified, who at all times relevant was a resident of the Commonwealth.

### FACTS

4. The Plaintiff repeats and realleges paragraphs one through three as if expressly rewritten.

5. On or about July 26, 2019, Glaser was lawfully on the premises known as the Target store in Marlborough, Massachusetts, located at 605 Boston Post Road ("The Premises").

6. On July 26, 2019, the Defendant, Target, owned, operated, and/or otherwise controlled the premises.

7. On or about July 26, 2019, the Defendant, Doe, was an agent, servant, and/or employee of Target, and worked on the premises.

8. In the time before Glaser walked through the women's wear area, a person spilled a liquid on the ground.

9. In the time after the liquid spilled, but before Glaser entered the area, Doe walked directly by the liquid, and did not treat the spill.

10. As she walked through the area where the liquid spilled, that the employee did not treat, Glaser fell and suffered serious injuries, including an elbow fracture.

11. At all material times hereto, Glaser was in the exercise of due care.

12. As a direct and proximate result of the negligence of the Defendants, Glaser suffered serious personal injuries; incurred medical expenses; suffered a loss of earning capacity; and continues to suffer conscious pain and suffering.

COUNT I
Marion Glaser v. Target Corporation
<u>Negligence</u>

13. Glaser repeats and realleges paragraphs one through twelve as if expressly rewritten.

14. The Defendant owed a duty of reasonable care to those lawfully on the premises, including the Plaintiff, to:

    a. properly maintain the Premises in a reasonably safe condition;
    b. properly maintain the Premises so that dangerous and defective conditions, such as the defect encountered by the Plaintiff, were not allowed exist on the Premises;
    c. ensure that dangers, such as the one encountered by the Plaintiff, were remedied in a reasonable fashion;
    d. clean up spills as quickly as possible;
    e. ensure that the premises had a safe means of ingress and egress;
    f. ensure that walking surfaces were safe; and,
    g. warn of dangerous and defective conditions existing on the premises.

15. The Defendant negligently and carelessly breached its duty of care to the Plaintiff by, among other things, failing to:

    a. properly maintain the Premises in a reasonably safe condition;
    b. properly maintain the Premises so that dangerous and defective conditions, such as the defect encountered by the Plaintiff, were not allowed exist on the Premises;
    c. ensure that dangers, such as the one encountered by the Plaintiff, were remedied in a reasonable fashion;
    d. clean up spills as quickly as possible;
    e. ensure that the premises had a safe means of ingress and egress;
    f. ensure that walking surfaces were safe; and,
    g. warn of dangerous and defective conditions existing on the premises.

16. The Plaintiff's fall was caused by a defective condition existing on the Target property, which Target knew or through the normal performance of the duties of their agents, servants and/or employees should have known existed.

17. As a direct and proximate result of the Defendant's breach, the Plaintiff suffered severe personal injuries; lost earning capacity; incurred medical expenses and continues to suffer conscious pain and suffering.

WHEREFORE, the Plaintiff, Marion Glaser, requests that judgment be entered against the Defendants, jointly and severally, in an amount to fully and adequately compensate her for her damages, plus costs and interest thereon.

## COUNT III
## Marion Glaser v. John Doe
### Negligence

18. Glaser repeats and realleges paragraphs one through seventeen as if expressly rewritten.

19. The Defendant, Doe, owed a duty of reasonable care to those lawfully on the premises, including the Plaintiff, to:

    a. properly maintain the Premises in a reasonably safe condition;
    b. generally make himself aware of any dangers on the property, and remedy those dangers in a reasonable fashion;
    c. properly maintain the Premises so that dangerous and defective conditions, such as the defect encountered by the Plaintiff, were not allowed exist on the Premises;
    d. ensure that dangers, such as the one encountered by the Plaintiff, were remedied in a reasonable fashion;
    e. clean up spills as quickly as possible;
    f. ensure that walking surfaces were safe; and,
    g. warn of dangerous and defective conditions existing on the premises.

20. The Defendant negligently and carelessly breached its duty of care to the Plaintiff by, among other things, failing to:

    a. properly maintain the Premises in a reasonably safe condition;
    b. generally make himself aware of any dangers on the property, and remedy those dangers in a reasonable fashion;
    c. properly maintain the Premises so that dangerous and defective conditions, such as the defect encountered by the Plaintiff, were not allowed exist on the Premises;
    d. ensure that dangers, such as the one encountered by the Plaintiff, were remedied in a reasonable fashion;
    e. clean up spills as quickly as possible;
    f. ensure that walking surfaces were safe; and,
    g. warn of dangerous and defective conditions existing on the premises.

21. The Plaintiff's fall would have been prevented if Doe had cleaned the spilled liquid that he walked directly by and failed to clean.

22. As a direct and proximate result of the Defendant's breach, the Plaintiff suffered severe personal injuries; lost earning capacity; incurred medical expenses and continues to suffer conscious pain and suffering.

WHEREFORE, the Plaintiff, Marion Glaser, requests that judgment be entered against Defendants, jointly and severally, in an amount to fully compensate Glaser for her damages, plus costs and interest thereon.

## JURY CLAIM

The Plaintiff, Marion Glaser, claims a trial by jury of all issues presented in this action.

>
> Respectfully Submitted,
> The Plaintiff,
> By her attorney,
>
> Thomas E. Flaws, Esq.
> BBO #661179
> Mirick, O'Connell, DeMallie & Lougee, LLP
> 175 Federal Street, Suite 1220
> Boston, MA 02110
> Phone: 617.391.2166
> Fax: 857.254.9417

Dated: January 3, 2020